# FELIPE CASALDUC ET AL.

*v.*

# TRANSATLANTIC FIRE INSURANCE COMPANY.

MALICIOUS PROSECUTION—PROBABLE CAUSE—MALICE.

1. To maintain an action for malicious prosecution one must show that he has been prosecuted either civilly or criminally; that the prosecution has ended; that it was without probable cause and malicious,— whereby he has been damaged.

2. A malicious prosecution is a wanton, wilful one, without probable cause.

3. Express malice need not be shown; but malice is generally inferable from want of probable cause.

4. Probable cause in law in a civil action may consist of such circumstances known to the party as reasonably lead to the inference by him that he has the right to do as he is doing, even though he in fact has not the right.

May Term, 1904.

HOLT, Judge, gave the following charge to the jury:

You are entitled to the thanks of all parties interested for the careful consideration you have given the hearing of this case. I trust you have brought to the consideration of it that honesty, that independence, that fairness, that integrity, which is the very lifeblood of the jury system.

It appears there was a loss by fire of property belonging to one Antonio Rodriguez Garcia, that was insured by the de-

Casalduc v. Transatlantic F. Ins. Co.

fendant company, the Transatlantic Fire Insurance Company.
It appears that arbitrators were selected to fix the amount of
the loss.   There is testimony, also, tending to show that there
was a suit begun for that loss in the insular district court, and
which, by a proceeding, was transferred to this court.   It also
appears that after that there was what is known as an injunction
suit brought in this court to enjoin the four plaintiffs in these
suits from proceeding to enforce the award of the arbitrators, or
taking any steps in the suit in the insular court relative there-
to.   There was what is known as a temporary injunction grant-
ed, and it was finally made perpetual by a final judgment of
this court.   It has been read to you.   The defendant, the insur-
ance company, appeared before the judge of this court, and,
upon application, procured what is known as a rule against
these four plaintiffs, to answer why they should not be pun-
ished for contempt in failing to obey that injunction, by en-
deavoring by suit in the insular court, to collect pay for their
services as arbitrators. . They appeared to that rule.   It was
heard and discharged; ended.   These four plaintiffs have now
brought these four actions, which have been consolidated and
are known in law as actions for malicious prosecution, claim-
ing damages on the ground that that proceeding against them
was a malicious prosecution.   To sustain this action or these
actions the plaintiffs must show:  First.   That they have been
prosecuted by the defendant company either in a criminal or a
civil suit,—in this case it was a civil suit,—and that the prose-
cution has ended.   Second.   That it was instituted maliciously
and without probable cause.   Both must concur in order that
they may maintain these actions.   Third.   They must show that
they have sustained damages.

I repeat to you that in order to maintain these actions they
must show that that proceeding was instituted maliciously and

Casalduc v. Transatlantic F. Ins. Co.

without probable cause. Malice may generally be inferred from a want of probable cause; that is, if there exists no probable cause for a prosecution, you may infer malice from that, but that is but an inference. It may be rebutted by testimony. Probable cause in law in a civil suit may consist of such facts and circumstances known to a party as lead to the inference by him as an honest, reasonable man, that he has the right to do as he is doing; that is, that there is an honest and reasonable conviction on his part of the right and justice of the proceeding. If such facts and circumstances existed as would create the belief in a reasonable mind that the plaintiffs had done these acts, although they may not in fact have violated the injunction, then probable cause existed. If those facts and circumstances did not exist, then the probable cause did not exist; and if it did not exist, you may from that infer the existence of malice. It is generally inferred from want of probable cause; but it may be rebutted by the testimony.

Therefore, in determining this case, you first determine, Was there a probable cause for suing out this rule by the defendant company? It appears that it was done by the attorneys of the company. A corporation must always, and can only, act through its agents. If you believe from the testimony that such circumstances and such facts existed as reasonably warranted the attorneys in believing that that injunction had been violated, although it may not in point of fact have been violated, and although the court finally held that it had not, and that there was an honest belief and conviction that it had been violated, then the defendant company had the right to sue out this rule, and there was probable cause to do so. You must not only believe that it was done without probable cause, but you must, in addition, believe that it was done maliciously; that there was a bad purpose in connection with it; that it was done wantonly;

that it was done without regard to the rights of these parties against whom the rule issued; that there was a reckless disregard of their rights in the matter; and that, acting in that way, this rule was sued out against them.

An action for a malicious prosecution is one for a wanton prosecution without probable cause. A want of probable cause should be quite palpable. It must be a want of probable cause that must appear to a reasonable man as not existing. If the facts and the circumstances create in the mind of a reasonable person a belief that reason exists for doing it, then that party has a right to do it; and where there is an injunction in a case a party is not bound to resort to any other method, but he has a right to sue out this rule; he is protected in doing it if he does it in good conscience, in good faith, and under circumstances which warrant a belief that he is doing right.

If you find there was probable cause, as I have defined it to you, for suing out this rule, then you would find for the defendant; or if you should find that it was not done with malice, then you should find for the defendant. But if you find that there was not probable cause for doing it, and that it was done with malice, which you may infer from lack of probable cause, then you should find for the plaintiffs.

In an action of this character express malice need not be shown. It need not be proven, as, for instance, where one party has threatened another; but if the unlawful act be wantonly and wilfully done to the injury of another, then that in law constitutes malice; and if it is done wantonly, and with a reckless disregard of others' rights, and without any excuse or ground for doing it, you may find that it has been done maliciously.

It is a sufficient defense to this action if the facts which have been shown to you in evidence were sufficient to induce a reasonable probability that the plaintiffs had done the acts which con-

Casalduc v. Transatlantic F. Ins. Co.

stituted the charge, although they may not in fact have committed those acts.

If you find for the plaintiffs, you will in your verdict assess separately the damages for each one of them, not exceeding, however, $5,000 in each case. And if you should find for the plaintiffs, in fixing damages you may take into consideration the natural effect of the proceeding on the plaintiffs' feelings, time lost, any necessary expenses that they may have incurred by reason of it, and also any injury to their reputation.

If you find for the defendant, your verdict would be, "We, the jury, find for the defendant in these four cases."